BROOKS ET AL. VS. FASSETT.

An affidavit to a plea of *nil debet*, in an action of debt upon a note: that the facts set forth are true, as far as detailed from affiant's knowledge, etc., where no facts are set forth, is evasive.

A plea of partial failure of consideration, in a suit upon three notes, without specifying to which of the notes the plea was intended to apply, is bad on demurrer.

*Writ of Error to Johnson Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

FOWLER & STILLWELL, for the plaintiffs.

BYERS, for the defendant.

1. The affidavit to the plea of nil debet was insufficient. *Sec.* 103, *chap.* 126, *Rev. Stat., sec.* 105.

We respectfully submit to the Court if the affidavit come within the above provisions. The affidavit does not state that

the plea is true in substance and in fact; neither does it deny the execution of the instrument sued upon.

It certainly requires neither argument or comment to sustain the judgment of the Court, in sustaining the demurrer to the second plea.

The plea alleges that Murrain executed the note mentioned in this petition, without setting forth or showing which note in the petition mentioned was executed without consideration, as to the sum of $20 77.

The plea is so uncertain that it should have been quashed. 1 *Chit. Pl.* 509; *Wheat, use etc., vs. Dotson,* 7 *Eng.* 699; *Williams vs. Harris, Ferguson & Co.,* 2 *How. Miss. Rep.* 527; *Withers vs. Green,* 9 *How. U. S. Rep.* 213; *Smith vs. Capers,* 8 *Eng.* 9.

Mr. Chief Justice ENGLISH, delivered the opinion of the Court.

Fassett brought an action of debt, by petition and summons, in the Jackson Circuit Court, against Daniel H. Murrain, Caleb Worley and William P. Brooks, late merchants and partners doing business by the firm name and style of D. H. Murrain & Co.

The action was founded upon three promissory notes, payable to the plaintiff, which were copied in the petition. The first for $1,274 28, dated, Philadelphia, August 24th, 1854; the second for $820 96, dated March 23d, 1855; and the third for $132 10, dated May 25th, 1855; each due at six months from its date, and signed " D. H. Murrain & Co."

The defendant Worley was not served with process. Murrain craved oyer of the instruments sued on, but made no defence to the action. Brooks filed a plea of nil debet: " That he does not owe the said sum of money in the plaintiff's petition set forth, or any part thereof, in manner and form as therein pleaded, and of this he puts himself upon the country."

To which plea was appended an affidavit as follows:

" Be it remembered, that on this day came into open Court° the said William P. Brooks, and after being duly sworn, he says that the facts set forth in the above plea are true as far as

detailed from his own knowledge, and as far as related on the information of others, he believes them to be true.

W. P. BROOKS.

" Subscribed and sworn to in open Court, this 11th day of December, 1856.

C. W. BOARD, *Clerk*."

The plaintiff moved to strike out the affidavit on the following grounds:

1. Affiant does not swear to any thing of his own knowledge, although he attempts to put in issue the execution of the instruments sued on.

2. He does not swear that he did not execute said instruments.

3. The affidavit is evasive of the issue attempted to be set up, etc.

The Court struck out the affidavit, and Brooks excepted.

Brooks filed a further plea, as follows:

" And the said defendant, etc., for a second and further plea, etc., says *actionem non*, becase he says that the said supposed promissory note in the said petition mentioned and set forth' was executed by the said Daniel H. Murrian, one of the said defendants, and one of said firm and partnership of D. H. Murrain & Co., without any consideration whatever as to the sum of twenty dollars and seventy-seven cents, part and parcel of the said alleged debt in said petition and in said promissory note mentioned, *to-wit:* then and there, etc., and this he, the said William P. is ready to verify, wherefore he prays judgment if the said plaintiff, as to the said sum of twenty dollars and seventy-seven cents, his action aforesaid thereof ought to have or maintain against him," etc.

To this plea was appended an affidavit similar to that attached to the plea of *nil debet* and copied above.

The plaintiff demurred to the plea on the grounds:

1. That it did not show a total want of consideration, etc.

2. Did not designate the particular note as to which there was an alleged partial want of consideration.

3. Did not confess as to the remainder of the debt, etc.

The Court sustained the demurrer.

Plaintiff took issue to Brooks' plea of *nil debet*, the issue was submitted by consent, to the Court sitting as a jury, finding and final judgment in favor of plaintiff against Brooks and Murrain, and they brought error.

The affidavit to the plea of *nil debet* is in the form prescribed by the statute, when the *consideration* of the instrument sued on is impeached. *Dig.*, ch. 126, *sec.* 75–6, *p.* 808.

*Sec.* 103 of the same chapter provides, that where the action is founded on any instrument, whether under seal or not, charged to have been executed by the party sued, etc., it shall be received in evidence unless the party charged with having executed the instrument, deny the execution thereof by plea, supported by the affidavit of the party pleading, which affidavit shall be filed with the plea.

*Sec.* 105 provides, that the pleas of *nil debet* and non assumpsit may be filed in all actions of debt, or assumpsit founded on any instrument of writing, not under seal; but such pleas shall not put in issue the execution of such writing, unless the same shall be verified by affidavit.

The statute does not prescribe the form of the affidavit to be used in such cases.

In this case the affidavit states that the *facts set forth* in the plea were true as far as *detailed* from affiant's own knowledge, and as far as *related* on the *information* of *others*, he believed them to be true.

There are no *facts* set forth, *detailed* or *related*, in the plea. It is simply a denial of indebtedness as alleged in the declaration. The object of the affidavit must have been to put in issue, and require the plaintiff to prove the execution of the instrument sued on. It could have accomplished no other purpose. The defendant (Brooks) must have known whether he executed the notes, or whether they were executed by the firm of D. H. Murrain & Co., or whether he was a member of the firm; and therefore, could have sworn to the truth of the plea, if in fact

true, as of his own knowledge. Such affidavits should be direct and positive, though it is said that the words, " *to the best of affiant's knowledge and belief*," do not vitiate. *Jackson vs. Webster*, 6 *Munford* 462; 1 *Tidd's Prac.* 152–3; 2 *Humph. Pre.* 436; 5 *Barbour* 577; 2 *Doug.* (*Mich.*) 432.

The form of the affidavit in this case was calculated to make the impression upon the Court that it was evasive, and having been stricken out for that cause, if Brooks had grounds to deny the execution of the instruments, he should have attached to the plea an affidavit in the usual form.

2. The suit being upon three notes, the plea of partial want of consideration, if good in other respects, was uncertain and bad, because it did not specify which of the three notes was in part without consideration, as alleged.

The judgment is affirmed.